# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.W. and M.W.**

**No. 19-1128** (Kanawha County 18-JA-739 and 18-JA-740)

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father T.W., by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's November 4, 2019, order terminating his parental rights to A.W. and M.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Christopher C. McClung, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his request for a post-dispositional improvement period and terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2018, the DHHR filed an abuse and neglect petition alleging that petitioner was arrested for domestic battery against the mother. The petition further contained allegations of inappropriate housing, as petitioner and the mother lived in a detached garage next door to the children's grandparents' residence. The petition alleged that petitioner and the mother used the grandparents' home as a mailing address and that they primarily resided in the garage apartment or a nearby condemned home, leaving the children with the grandparents much of the time. The petition further alleged that petitioner abused methamphetamine and failed to provide the children

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

with clothing, food, housing, and supervision. Petitioner waived his preliminary hearing and was granted a preadjudicatory improvement period.

In May of 2019, the circuit court held a review hearing on petitioner's improvement period, found that he was failing to cooperate with drug screening, and ordered that he cooperate with a new drug screen provider. In July of 2019, the circuit court held another review hearing wherein the DHHR reported that petitioner was noncompliant and had failed to comply with services. Petitioner had only participated in two drug screens, which were positive for amphetamine, methamphetamine, and marijuana. As such, the DHHR moved for his improvement period to be terminated. The circuit court granted the DHHR's motion and suspended petitioner's services.

In September of 2019, the circuit court held an adjudicatory hearing wherein petitioner testified that he could not care for the children, was unemployed, and admitted to using methamphetamine and marijuana. The circuit court adjudicated him as an abusing and neglecting parent and denied his motion for a post-adjudicatory improvement period.

In November of 2019, the circuit court held a dispositional hearing. Petitioner moved for a post-dispositional improvement period, while the DHHR moved for termination of his parental rights. At the hearing, petitioner testified that he had been recently employed, but was still unable to provide the children with appropriate housing and he admitted to having a substance abuse problem. Petitioner also admitted that he failed to enroll in a substance abuse treatment program. A DHHR caseworker testified that petitioner failed to participate in a drug screen at his last two multidisciplinary team meetings and that the DHHR was moving for termination because of his refusal to comply with services. In light of the evidence at the dispositional hearing, the circuit court found that petitioner had "active substance abuse issues that prevent[] him from parenting." Further, the circuit court found that petitioner "was awarded an improvement period and failed to comply," "missed visitations causing emotional harm to the children," and "even passed out at visitation." Finally, the circuit court found that petitioner was "emotionally unstable," could not provide the children with adequate housing, and had been "unemployed for the majority of the case and depend[ed] on others to support him." Based upon these findings, the circuit court found there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future, and that it was in the best interests of the children to terminate petitioner's parental rights.[2] The circuit court entered an order reflecting its decision on November 4, 2019. Petitioner appeals from this order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[2]The mother's parental rights were also terminated during the proceedings below. According to the parties, the permanency plan for the children is adoption in their current foster placement.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying him a post-dispositional improvement period because he had previously demonstrated by clear and convincing evidence that he would comply with the terms and conditions of an improvement period. Petitioner argues that several personal hardships, including the death of his grandfather and difficulty in obtaining housing, resulted in his inability to fully comply with services. We find petitioner's argument unavailing.

Although there were points in time where petitioner complied with services generally, he ignores the fact that he did not complete many of the terms required by his family case plan. Most importantly, petitioner's argument on appeal entirely fails to address his ongoing substance abuse issues and his failure to take any steps to remedy these issues. Petitioner does not dispute that he failed to participate in multiple required drug screens. Further, petitioner admitted at the dispositional hearing that he had a substance abuse problem but failed to enroll in a treatment program. However, instead of addressing any of these deficiencies, petitioner's argument in support of this assignment of error focuses entirely on the issue of his lack of appropriate housing and certain factors that he believes precluded his ability to remedy this issue. Without addressing the specific difficulties that petitioner believes resulted in his continued inability to provide the children with appropriate housing, we note that petitioner bore the responsibility of completing the goals of his family case plan, and the record shows that he took almost no steps to achieve these goals.

Despite the overwhelming evidence of petitioner's noncompliance, he nonetheless argues that he would have fully participated in a post-dispositional improvement period. West Virginia Code § 49-4-610(3)(D) provides that in order to obtain a post-dispositional improvement period after the granting of a previous improvement period, a parent must "demonstrate[] that since the initial improvement period, the [parent] has experienced a substantial change in circumstances" and that "due to that change in circumstances, the [parent] is likely to fully participate in the improvement period." Further, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Here, the record is clear that petitioner failed to fully comply with the terms and conditions of his prior preadjudicatory improvement period. The evidence establishes that he failed to participate in drug screens, maintain employment, attend visitations, or secure stable housing throughout his

3

improvement period. The circuit court considered this evidence when it terminated his preadjudicatory improvement period and when it denied his motion for a post-dispositional improvement period. Even more importantly, petitioner fails to cite to any evidence in the record that shows that he underwent a substantial change in circumstances subsequent to his preadjudicatory improvement period. Therefore, we find that the circuit court did not err in denying petitioner's motion for a post-dispositional improvement period.

Finally, based on the evidence of petitioner's sporadic compliance and his failure to secure stable housing, remain drug free, attend visitations, and maintain employment, the circuit court found that petitioner failed to follow through with the DHHR's rehabilitative services. Importantly, this constitutes a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future under West Virginia Code § 49-4-604(c)(3) (2019).[3] On appeal, petitioner asserts that the circuit court's decision to terminate was improper when he was making substantial progress toward reunification. We disagree and find that the circuit court's order is specific and enumerates several areas where petitioner failed to make progress as the basis for the termination of his parental rights. The circuit court's findings are based on substantial evidence that petitioner was never fully compliant in his improvement period and that he failed to avail himself of many of the services offered. Moreover, the circuit court found that termination of petitioner's parental rights was in the children's best interests. According to West Virginia Code § 49-4-604(b)(6) (2019), circuit courts may terminate parental rights upon these findings. Further, we have long held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The record shows that the circuit court had ample evidence upon which to base these findings, and we decline to disturb them on appeal. As such, termination of petitioner's parental rights was appropriate.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 4, 2019, order is hereby affirmed.

Affirmed.

---

[3]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

**ISSUED**: June 25, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison